UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KYLE C. RADER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:22-cv-00032 |
| CONTINENTAL COLLECTION AGENCY and PINE CREEK VILLAGE APARTMENTS, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** KYLE C. RADER ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of CONTINENTAL COLLECTION AGENCY and PINE CREEK VILLAGE APARTMENTS, (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, Regulation F pursuant to 12 CFR 1006 *et seq.*, and the Colorado Consumer Protection Act ("CCPA") pursuant to Co. Rev. Stat. §6-1 *et seq.* (2016).

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the state of Colorado, Defendants conduct business in the state of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the state of Colorado.

1

#### PARTIES

4. KYLE C. RADER ("Plaintiff") is a consumer and natural person over 18-years-of-age who, at all times relevant resided in Peyton, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CONTINENTAL COLLECTION AGENCY ("CCA") is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. CCA is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the state of Colorado.

7. CCA's principal office is located at 1720 South Bellaire Street, Suite 801, Denver, Colorado 80222.

8. CCA acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigned, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

9. PINE CREEK VILLAGE APARTMENTS ("Pine Creek") is an apartment complex which provides residential leases to consumers.

10. Pine Creek is located at 720 Chapman Drive, Colorado Springs, Colorado 80916.

11. At all times relevant, Defendant Pine Creek had a consensual agency relationship with Defendant CCA whereby Pine Creek (as the principal) had the right to control and direct the activities of CCA and CCA had the authority to act on behalf of Pine Creek. Defendant Pine Creek, as the principal of CCA, is liable for the acts of CCA and its agents.

**FACTS SUPPORTING CAUSES OF ACTION**

12. At some point in or around 2013-2016, Plaintiff leased an apartment through Pine Creek.

13. Due to unforeseen circumstances, Plaintiff fell behind on his payments to Pine Creek.

14. Shortly thereafter, CCA acquired the right to collect on Plaintiff's past-due balance owed to Pine Creek.

15. In 2018, CCA sued Plaintiff for the past-due balance of $6,666, at which time Plaintiff entered into a settlement agreement with CCA for $1,500 ("subject debt").

16. Plaintiff attempted to stay current on his payments to CCA but was falling behind.

17. Plaintiff was forced to file a Chapter 7 bankruptcy in the District of Colorado on February 25, 2020, case number 20-11274-JGR.

18. Included in schedules for Plaintiff's bankruptcy petition was CCA, collecting the subject debt originally owed to Pine Creek.

19. Subsequently, Plaintiff received a discharge on June 8, 2020.

20. The Order of Discharge was sent to CCA, as indicated by the service list attached to the order.

21. Unfortunately, CCA continues to report to Plaintiff's Experian credit report regarding the subject debt, which was discharged in bankruptcy.

22. CCA originally reported the subject debt on February 25, 2020, and has not updated its credit reporting since.

23. Specifically, CCA is reporting to Experian with a status of closed, a current rating of "collection/charge off" and the most recent adverse rating as "collection/charge off," eliciting a false impression of the subject debt.

24. Since the subject debt was included in Plaintiff's Chapter 7 bankruptcy, the status of "collection/charge off" is giving a false indication that the subject debt is still owed.

25. Additionally, the most recent adverse rating should be reporting as "discharged in bankruptcy," not as collection/charge off.

26. As a result of CCA's inaccurate credit reporting, Plaintiff's credit has been damaged Plaintiff's ability to find living arrangements, as the inaccurate credit reporting paints Plaintiff in a negative light.

27. On December 30, 2021, concerned with CCA's credit reporting, Plaintiff and his attorney advocate reached out to CCA to discuss the credit reporting.

28. CCA's representative refused to work with Plaintiff, stating that "we don't care" about Plaintiff's credit reporting issues.

29. As such, the above-referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

## DAMAGES

30. CCA continues to inaccurately report the subject account on Claimant's Experian credit report.

31. Plaintiff has always maintained good credit and the inaccurate information contained in his Experian credit file has significantly damaged Plaintiff.

32. Specifically, as a result of CCA's conduct, Plaintiff has been deprived of credit that he otherwise would have been able to obtain and retain, including his ability to find housing arrangements.

33. CCA has forced Plaintiff into a difficult situation, causing him a very difficult time in finding a place to live, one of the most fundamental needs of our society.

34. CCA's reckless indifference relating to the inaccurate reporting of the subject account has frustrated Claimant's ability to control his credit score and his ability to benefit from the great credit history he has built over the years.

35. The inaccurate reporting of subject account had significant adverse effects on Plaintiff's credit rating and his ability to obtain credit because it created a false impression that Plaintiff's debt was charged-off, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

36. As a result of CCA's conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically, housing denials, humiliation, the loss of credit opportunity, mental anguish, and emotional distress.

37. Due to CCA's refusal to correct the reporting of the subject debt, Plaintiff was forced to retain counsel and file this case, thus incurring attorney's fees and costs.

38. CCA's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

39. Plaintiff has expended time consulting with his attorneys as a result of CCA's unfair, deceptive, and misleading actions.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. §1692 *ET SEQ.*)**
*AGAINST PINE CREEK AND CCA*

40. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43. CCA is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts which it regularly collects and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

44. Moreover, CCA is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

45. CCA's credit reporting was made in connection with collection of the subject debt.

   **a.  Violations of FDCPA § 1692e**

46. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

47. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

48. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person's credit information which is known or which should be known to be false…" 15 U.S.C. §1692e(8).

49. CCA violated §§1692e and e(2) when it reported the subject debt to Plaintiff's Experian credit report by reporting a current rating of "collection/charge off."

50. The rating gives a false indication that the subject debt is still owed, even though the subject debt was discharged in Plaintiff's Chapter 7 bankruptcy.

51. CCA's violated §§1692e and e(8) by furnishing false information to a third party, specifically Experian.

52. Experian took CCA's reporting at face value, and then provided inaccurate information regarding the subject debt to others inquiring about Plaintiff's creditworthiness – specifically, people attempting to check Plaintiff's credit to obtain housing.

### b. Violations of FDCPA § 1692f

53. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

54. Further, §1692f(1) of the FDCPA prohibits "the collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

55. CCA violated 15 U.S.C. §1692f when it unfairly reported the subject debt to Experian with a status of "Collection/Charge off," harming Plaintiff's ability to obtain housing.

56. Further, when Plaintiff and his attorney advocate attempted to address the credit report issue with CCA, CCA's representative stated "we don't care," showing an egregious carelessness about Plaintiff that goes beyond all bounds of decent behavior.

57. Additionally, CCA violated 15 U.S.C. §§1692f and f(1) by attempting to collect an amount not permitted by law.

58. Since the subject debt was discharged in Plaintiff's Chapter 7 bankruptcy, any attempt to collect the subject debt or imply that the subject debt was still owed was inherently unfair and unconscionable under the FDCPA.

59. As an experienced debt collector, CCA knew or should have known the ramifications of collecting on a debt not owed.

60. As pled above, Plaintiff has been harmed and suffered damages as a result of CCA's illegal actions.

**WHEREFORE**, Plaintiff, KYLE C. RADER, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II

### VIOLATIONS OF REGULATION F
### (12 CFR 1600 *ET SEQ.*)
### *AGAINST CCA AND PINE CREEK*

61. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

62. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

63. CCA violated §1006.18(b)(2) by misrepresenting to Experian – and by proxy, anyone who requests to view Plaintiff's Experian credit report – that the subject debt was in collections/charged off when, in fact, Plaintiff's obligation on the subject debt was discharged in his Chapter 7 bankruptcy.

64. CCA's deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

**WHEREFORE**, Plaintiff, KYLE C. RADER, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    d. Award any other relief as the Honorable Court deems just and proper.

## COUNT III
### VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
### (CO. STAT. REV. §6-1 *ET SEQ.*)
### *AGAINST CCA AND PINE CREEK*

65. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

66. To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

67. Co. Rev. Stat. §6-1-113 (2016) allows a "civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article." Co. Rev. Stat. §6-1-113 (2016).

68. CCA violated the CCPA by (1) reporting to Experian that the subject debt was in collections/charge off, giving the false impression to Experian – and anyone who viewed Plaintiff's Experian credit report – that Plaintiff was liable for the subject debt.

69. In fact, Plaintiff's liability for the subject debt was discharged in his Chapter 7 bankruptcy, causing CCA's information to Experian to paint a false image of Plaintiff's creditworthiness, causing Plaintiff substantial harm.

70. CCA's conduct as outlined herein was patently unfair and caused Plaintiff serious injury.

71. Specifically, CCA's conduct made it extremely difficult for Plaintiff to secure housing for himself.

72. Plaintiff had no choice but to submit to CCA's abusive and harmful conduct as outlined herein.

73. Plaintiff's experience with CCA as set forth herein is not unique to Plaintiff as CCA systemically abuses consumers in Colorado. A cursory investigation of CCA reveals that CCA is regularly sued in Colorado for the identical conduct complained of herein.

**WHEREFORE**, Claimant, KYLE C. RADER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the CCPA;

b. Entry of judgment in Claimant's favor and against Respondent for violations of the CCPA;

c. Award Plaintiff actual damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff costs and reasonable attorney fees; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Dated: January 6, 2022 | Respectfully Submitted,<br><br>**KYLE C. RADER**<br><br>By: */s/ Jennifer Ann McLaughlin*<br><br>Jennifer Ann McLaughlin, Esq.<br>Mohammed O. Badwan, Esq.<br>Victor T. Metroff, Esq.<br>Marwan R. Daher, Esq.<br>*Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd<br>2500 S Highland Ave, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8180<br>jmclaughlin@sulaimanlaw.com<br>mbadwan@sulaimanlaw.com<br>vmetroff@sulaimanlaw.com<br>mdaher@sulaimanlaw.com |

11